Benjamin K. Carmichael #27197
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS  67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
ben@depewgillen.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| THERESA WEST, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO.: |
| | ) |
| CHERRY CREEK SENIOR CARE, LLC | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

COMES NOW the plaintiff, Theresa West, and for her cause of action against the defendant, alleges and states as follows:

### NATURE OF THE ACTION

1. This action is brought on behalf of the plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 12101 et seq., and the Kansas Act Against Discrimination ("KAAD").

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C.A. §§ 1343(a)(3), 1343(a)(4), 1331 and supplemental subject matter jurisdiction under 28 U.S.C.A. § 1367.

## VENUE

3. Venue is proper in this district because the defendant is located in this district and plaintiff is a resident of this district and the acts complained of arose within this judicial district.

## PROCEDURAL REQUIREMENTS

4. On March 28, 2019, plaintiff filed a timely Charge of Discrimination against Carrington at Cherry Creek and its representatives with the Kansas Human Rights Commission.  Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on August 7, 2019.

5. All conditions precedent to the filing of this suit have been performed or have occurred.

## PARTIES

6. Plaintiff is a resident of Wichita, Sedgwick County, Kansas.

7. Plaintiff was employed at defendant's facility located at Cherry Creek where she was due to start work as a certified nursing assistant at the time her cause of action accrued.

8. Plaintiff's employment was terminated by defendant on or about November 19, 2018.

9. Defendant Cherry Creek Senior Care, LLC ("Cherry Creek") operates the Carrington facility, which has changed its name to Watercrest.  Cherry Creek may be served with process via its resident agent, Watercrest Communities, LLC, 324 W Central Suite D, P.O. Box 906, Andover, KS 67002.

10. Defendant is a person within the meaning of 42 U.S.C.A. § 2000e, and an employer within the meaning of 42 U.S.C.A. § 2000e(b).

## FACTUAL HISTORY

11. In November 2018, plaintiff was hired by defendant to work as a certified nursing assistant ("CNA") at the Carrington at Cherry Creek facility owned and operated by Cherry Creek.

12. Plaintiff was due to start work on November 19 and showed up for training at the facility. Plaintiff has Graves' Disease and disclosed on her new hire paperwork she had a disability. Plaintiff needs to wear sunglasses to manage her light sensitivity due to her Graves' Disease. Plaintiff wore her sunglasses during training without issue, however, when it came time to assist a resident, she was told to remove her sunglasses. Plaintiff advised defendant that she needed to wear her sunglasses to manage her sensitivity to light. Plaintiff was told to leave and get a doctor's note approving the use of the sunglasses.

13. Plaintiff went to her doctor the same day and received a note approving the use of sunglasses to manage her light sensitivity. Plaintiff called defendant during the afternoon of the 19th and spoke to the director of nursing and offered the note as approval for her wearing sunglasses inside. Plaintiff's employment was terminated in this phone call on November 19, 2018.

14. The director of nursing acted with malice and was recklessly indifferent to plaintiff's rights under the ADA when she denied plaintiff the chance to present medical records supporting her disability and failed to accommodate plaintiff's disability.

15. Defendant caused a complete breakdown of the interactive process potential means by which defendant might reasonably accommodate plaintiff's disability throughout the time period described above. Defendant, among other failures and/or omissions, failed to directly notify plaintiff of open and/or available positions that she

could have performed with or without an accommodation and failed to provide a reasonable means by which plaintiff could have learned of these open and/or available positions.

### Count 1.
### Americans with Disabilities Act—Failure to accommodate
### under 42 U.S.C.A. § 12112(b)(5)(A)

16. Plaintiff repeats each of the above paragraphs as if each had been separately alleged here.

17. Defendant has discriminated against plaintiff, a disabled person, on account of and/or by reason of her disability, Graves' Disease, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

(a) Plaintiff was disabled under the statute;

(b) Plaintiff's Graves' Disease substantially limited her ability to undergo the following major life activities: caring for herself, manual tasks, walking, vision, working, and mental and emotional processes;

(c) Plaintiff has a record of such impairment; plaintiff is diagnosed with Graves' Disease;

(d) Plaintiff was regarded as having such an impairment; Cherry Creek was aware of plaintiff's disability as it was disclosed on her hiring paperwork;

(e) Plaintiff was qualified to perform, and could perform, the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by defendant; and

(f) Plaintiff suffered an adverse employment action because of her disability when defendant failed to engage in collaborative discussions with plaintiff related to reasonable accommodations and subsequently terminated plaintiff.

WHEREFORE, plaintiff requests that this Court grant the following relief:

1. Enjoin defendant from failing or refusing to:

(a) provide sufficient remedial relief to make plaintiff whole for the loss she has suffered as a result of the discrimination against her as alleged in this Complaint;

(b) adopt a clear, meaningful, and well-publicized written policy prohibiting disability discrimination against any employee of defendant, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination and which establishes an effective mechanism for receiving and responding to complaints of disability discrimination;

(c) modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report requests for reasonable accommodations and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination;

(d) provide adequate training to all employees of defendant, and to all of defendant's management officials responsible for making determinations regarding complaints of disability discrimination, with regard to workplace disability discrimination prohibited by the ADA; and

(e) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

2. Award compensatory damages to plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 and/or the ADA.

3. Award punitive damages to plaintiff for the malicious and reckless indifference alleged in this Complaint.

4. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

**Count 2.**

**Americans with Disabilities Act—Disparate treatment**

18. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

19. Defendant has discriminated against plaintiff, a disabled person, on account of and/or by reason of her disability, Graves' Disease, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

(a) Plaintiff was disabled under the statute;

(b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by defendant; and

(c) Plaintiff suffered an adverse employment action because of her disability.

WHEREFORE, plaintiff requests that this Court grant the following relief:

1. Enjoin defendant from failing or refusing to:

(a) provide sufficient remedial relief to make whole plaintiff for the loss she has suffered as a result of the discrimination against her as alleged in this Complaint;

(b) modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report requests for reasonable accommodations and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to

6

complaints of disability discrimination; and

(c) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

2. Award compensatory damages to plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 and/or the ADA.

3. Award punitive damages to plaintiff for the malicious and reckless indifference alleged in this Complaint.

4. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

**Count 3.**

**Americans with Disabilities Act—Retaliation**

20. Plaintiff repeats the paragraphs alleged above as if each had been separately alleged here.

21. Defendant has retaliated against plaintiff, a disabled person, on account of and/or by reason of her disability, Graves' Disease, in violation of 42 U.S.C.A. §§ 1201 et seq., because during all relevant times:

(a) Plaintiff was disabled under the statute;

(b) Plaintiff engaged in activity protected by the statute, specifically, plaintiff sought reasonable accommodations for her disability and attempted to produce medical records to support her need for reasonable accommodations and was terminated in the same phone call; and

(c) Plaintiff suffered an adverse employment action because of her attempt to secure her reasonable accommodations and produce medical proof of her disability.

WHEREFORE, plaintiff requests that this Court grant the following relief:

1. Enjoin defendant from failing or refusing to:

(a) provide sufficient remedial relief to make whole plaintiff for the loss she has suffered as a result of the discrimination against her as alleged in this Complaint;

(b) modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report requests for reasonable accommodations and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination; and

(c) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

2. Award compensatory damages to plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 and/or the ADA.

3. Award punitive damages to plaintiff for the malicious and reckless indifference alleged in this Complaint.

4. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

## Count 4.

## Violations of the Kansas Act Against Discrimination ("KAAD")

22. Plaintiff repeats the above paragraphs as if each had been separately alleged here.

23. Defendant has discriminated against plaintiff, a disabled person, on account of and/or by reason of her disability, Graves' Disease, in violation of K.S.A. 44-1001 et seq., because during all relevant times:

(a) Plaintiff was disabled as defined by the statute;

(b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Cherry Creek;

(c) Plaintiff sought reasonable accommodations for her disability and was retaliated against in the form of an adverse employment action; and

(d) Plaintiff suffered an adverse employment action because of her disability when Cherry Creek failed to engage in collaborative discussions with plaintiff related to reasonable accommodations and subsequently terminated plaintiff.

24. Cherry Creek discriminated against plaintiff among other ways, by refusing to consider any reasonable accommodations and denying a request to provide medical documentation of her disability. Defendant terminated plaintiff because of her disability.

WHEREFORE, plaintiff requests that this Court grant the following relief:

1. Enjoin defendant from failing or refusing to:

(a) provide sufficient remedial relief to make plaintiff whole for the loss she has suffered as a result of the discrimination against her as alleged in this Complaint;

(b) adopt a clear, meaningful, and well-publicized written policy prohibiting disability discrimination against any employee of defendant, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination and which establishes an effective mechanism for receiving and responding to complaints of disability discrimination;

(c) modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report requests for reasonable accommodations and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination;

(d) provide adequate training to all employees of defendant, and to all management officials responsible for making determinations regarding complaints of disability discrimination, with regard to workplace disability discrimination prohibited by the KAAD; and

(e) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

2. Award compensatory damages to plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of the KAAD.

3. Award punitive damages to plaintiff for the malicious and reckless indifference alleged in this Complaint.

4. Grant reasonable attorney fees, costs, and such additional relief as justice may require.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER, LC

/s/ Benjamin K. Carmichael
Benjamin K. Carmichael #27197
8301 East 21st St. North, Suite 450
Wichita, KS 67206-2936
Office (316) 262-4000
Fax    (316) 265-3819
Email: Ben@depewgillen.com
*Attorneys for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Wichita, Kansas, as the place of the trial of this action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Benjamin K. Carmichael
Benjamin K. Carmichael #27197
*Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

COMES NOW the plaintiff and respectfully requests a trial by jury with regard to the above-captioned action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER, LC

/s/Benjamin K. Carmichael
Benjamin K. Carmichael #27197
*Attorneys for Plaintiff*